IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

ROADRUNNER ENTERPRISES, INC.,

Debtor.

Chapter 11
Case No. 15-30604-KRH

## DEBTOR'S MOTION TO SELL REAL PROPERTY

The above-captioned Debtor and Debtor-In-Possession, Roadrunner Enterprises, Inc. (the "**Debtor**"), by counsel, respectfully requests the Court, pursuant to sections 105 and 363 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") enter an Order approving the sale of the Debtor's real property located at 16633 Jefferson Davis Highway, Chesterfield , Virginia (the "**Motion**").  In support of the Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.   Venue in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   The statutory bases for the relief requested herein are sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Bankruptcy Rule 6004-3.

_____
David K. Spiro (VSB No. 28152)
Rachel A. Greenleaf (VSB No. 83938)
Hirschler Fleischer, P.C.
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Proposed counsel for the debtor, Roadrunner Enterprises, Inc.*

**BACKGROUND**

4. On February 6, 2015 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned Chapter 11 case.

5. The Debtor continues in the possession of its property and continues to operate and manage its businesses as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has yet been appointed in this Chapter 11 case, and no committees have yet been appointed or designated.

7. As of the Petition Date, the Debtor was the record owner of real property located at 16633 Jefferson Davis Highway, Chesterfield, Virginia (the "**Real Property**") and more particularly described as:

> ALL that certain tract or parcel of land, with the improvements thereon and the appurtenances thereto pertaining, lying, being, and situate in the Matoaca Magisterial District, Chesterfield County, Virginia, containing 4.03 acres of land, being more particularly shown and described on plat of survey prepared by Charles C. Townes & Associates, P.C., Civil Engineers – Planners – Land Surveyors, dated June 25, 2002, entitled "4.02 ACRES OF LAND SITUATED ON U.S. ROUTES #1 AND 301 AND STATE ROUTE #619 MATOACA DISTRICT, CHESTERFIELD COUNTY, VIRGINIA FOR ROADRUNNER ENTERPRISES, INC.", which said plat is attached hereto and made a part hereof.
>
> BEING the same property conveyed to Edgar Bolling, by deed from David E. Wood, dated October 10, 1892, recorded May 18, 1893, in Deed Book 87, at page 261, in the Clerk's Office, Circuit Court, Chesterfield County, Virginia. The said Edgar Bolling died intestate and the Grantors herein having been established by Exhibit A and Exhibit B, attached hereto and made a part thereof.

The Real Property is a parcel of vacant land and, as such, is not generating any rental income for the Debtor.

8. On the Petition Date, the Debtor valued the Real Property at $140,000.00.

9. On or about November 27, 2002, the Debtor executed a Credit Line Deed of Trust, whereby the Debtor granted The Bank of Southside Virginia ("**BSV**") a deed of trust on the Real Property for any and all obligations of the Debtor to BSV in the maximum principal amount of ninety-two thousand two hundred and fifty dollars ($92,250.00).

10. As of the date of this Motion, BSV has not filed a proof of claim with respect to any claim on the Real Property. The Debtor believes that the payoff to BSV for this particular loan, as of the date of filing, was approximately $55,848.00.

11. Upon information and belief, the Debtor has various other outstanding obligations to BSV, which, in the aggregate, exceed ninety-two thousand two hundred and fifty dollars ($92,250.00).

12. As of the date of this Motion, BSV has not obtained relief from stay as to the Real Property.

13. On March 12, 2015, the Debtor entered into a contract for the sale of the Real Property (the "**Contract**") with Shawn Dunn (the "**Purchaser**" and, together with the Debtor, the "**Parties**"). A true and correct copy of the Contract is attached hereto as **Exhibit A**.

14. By the Contract, the Parties agreed to a purchase price for the real property of one hundred twenty-five thousand dollars ($125,000.00) (the "**Purchase Price**").

15. By the Contract, the Debtor proposes to pay a brokerage fee of six percent (6%) of the Purchase Price to Tyler Realty Group, subject to this Court's approval of this Motion.[1]

16. By the Contract, each Party shall bear its own closing costs.

---

[1] Per the Application of the Debtor to Retain and Employ Tyler Realty Group as Real Estate Broker (the "**Application**"), filed contemporaneously herewith, the Debtor does not intend to file a separate fee application for this payment, but intends only to seek authority for payment through this Motion and Order. As more fully detailed in the Application, the Debtor contemplates following a similar procedure for any and all other real property sold by Tyler Realty Group.

17. If the Motion is approved, the Debtor shall pay to BSV ninety-two thousand two hundred and fifty dollars ($92,250.00). The Debtor shall further pay the contemplated brokerage fee of six percent (6%) of the Purchase Price to Tyler Realty Group and any closing costs from the sales proceeds. If there are any excess sale proceeds remaining, the Debtor believes those excess sale proceeds are unencumbered, will be retained by the Debtor, and will be used to fund ongoing business operations.

## RELIEF REQUESTED

18. By this Motion, the Debtor seeks an order (the "**Sale Order**"), substantially similar to that attached hereto as **Exhibit B**, approving the sale of the Real Property and waiving the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

## BASIS FOR RELIEF

19. Section 363(b)(1) of the Bankruptcy Code authorizes a trustee to "sell . . . other than in the ordinary course of business, property of the estate."[2]

20. Accordingly, the Debtor may sell, other than in the ordinary course of business, property of the estate. See id. §§ 363(b)(1), 1303.

21. Bankruptcy Rule 6004(h) further provides for a fourteen-day stay of an order approving the sale of property of the estate.

22. Waiver of Bankruptcy Rule 6004(h) is appropriate as the closing is set to occur for April 2015.[3]

---

[2] Although section 363 speaks only of the trustee's ability to do so, a debtor-in-possession is empowered to carry out such sales pursuant to section 1107 of the Bankruptcy Code. 11 U.S.C. § 1107 ("to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.").

[3] The Contract provides for a closing date of April 15, 2015. However, the Debtor believes that the closing date will likely be postponed to April 30, 2015. As such, the Debtor does not believe that this Motion requires expedited relief.

23. After a comprehensive review and in the exercise of the Debtor's business judgment, the Debtor believes that the sale of the Property represents the Debtor's best opportunity under the circumstances to maximize the value of the Property at a minimal cost. Namely, the proposed sale will reduce the aggregate debt owed to one of the Debtor's largest secured creditors and will generate additional unencumbered cash that the Debtor will be able to use for business operations outside of the strictures of the negotiated cash collateral budget. Although the Purchase Price is less than the value for the Real Property contained in the schedules, the Debtor, in the exercise of its business judgment, believes that the Purchase is fair and reasonable under the circumstances. Furthermore, because the Real Property is not a rental property, the Debtor is not currently generating any income from the Real Property. Accordingly, the sale of the Real Property is in the best interests of the estate and the Debtor's creditors.

## WAIVER OF MEMORANDUM OF LAW

24. Pursuant to Local Bankruptcy Rule 9013-1(G), as there are no novel issues of law presented in the Motion, and because all applicable authority is set forth in the Motion, the Debtor respectfully requests that the Court waive the requirement that all motions be accompanied by a separate memorandum of law.

## NOTICE

25. Notice of this Motion and the Sale Hearing will be given to (i) all parties entitled to notice pursuant to Bankruptcy Rules 2002 and/or 6004; (ii) the United States Trustee; and (iii) counsel for BSV. Notice of this Motion will be provided to all creditors and parties-in-interest. In light of the relief requested, the Debtor submits that no other or further notice of the Motion is required and that this notice is consistent with Bankruptcy Rules 2002 and/or 6004.

## **NO PRIOR REQUEST**

26. No previous request for the relief sought herein has been made to this Court.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Sale Order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Date: March 30, 2015                    ROADRUNNER ENTERPRISES, INC.

                                        By:   /s/ David K. Spiro
                                              Proposed Counsel

David K. Spiro (VSB No. 28152)
Rachel A. Greenleaf (VSB No. 83938)
Hirschler Fleischer, P.C.
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Proposed counsel for the debtor, Roadrunner Enterprises, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 30, 2015, a true and correct copy of the foregoing Motion was served using the Court's ECF system, which thereby caused the Motion to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and that the Motion was also served via first class mail, postage prepaid, to those parties listed below:

      Robert B. Van Arsdale
      Office of the United States Trustee
      701 E. Broad Street
      Suite 4304
      Richmond, VA 23219
      *Assistant U.S. Trustee*

      Jonathan L. Hauser, Esq.
      TROUTMAN SANDERS LLP
      222 Central Park Avenue, Suite 2000
      Virginia Beach, VA 23462
      *Counsel for The Bank of Southside Virginia*

      /s/ David K. Spiro
      Counsel